IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


PAMELA A. LAFOUNTAINE,                    Civ. No. 10-6204-AA

         Plaintiff,                       OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

         Defendant.
_____

Kathryn Tassinari
Mark Manning
Harder, Wells, Baron & Manning, P.C.
474 Willamette St., Ste. 200
Eugene, OR 97401
    Attorneys for plaintiff

Dwight C. Holton
Acting United States Attorney
District of Oregon
Adrian L. Brown
Assistant U.S. Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902


1 - OPINION AND ORDER

Franco L. Becia
Special Assistant U.S. Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

AIKEN, Chief Judge:

    Plaintiff Pamela LaFountaine brings this action pursuant to
the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain
judicial review of the Commissioner's decision denying plaintiff's
application for supplemental security income (SSI) disability
benefits under Title XVI of the Act. For the reasons set forth
below, the decision of the Commissioner is reversed and remanded
for further administrative proceedings.

BACKGROUND

    On May 6, 2008, plaintiff filed an application for SSI
benefits. Tr. 117-123. Her application was denied initially and
on reconsideration. Tr. 48-52, 58-60. After timely requesting a
hearing, plaintiff, a medical expert, and a vocational expert
appeared and testified before an administrative law judge (ALJ) on
February 24, 2010. Tr. 24-45. On March 18, 2010, the ALJ issued
a decision finding plaintiff not disabled within the meaning of the
Act. Tr. 7-18. The Appeals Council denied plaintiff's request for
review, leaving the ALJ's decision as the final decision of the
Commissioner. Tr. 1-3. Plaintiff now seeks judicial review of the
denial of benefits.

    Plaintiff was thirty-eight years old at the time of the ALJ's

2 - OPINION AND ORDER

decision, with an eleventh-grade education and no past relevant work experience. Tr. 17, 26. Plaintiff alleges disability due to a seizure disorder, memory difficulties, knee problems, thumb injury and pain, migraines, and depression. Tr. 139.

## SCOPE OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected . . . to last for a continuous period of not less
than 12 months . . . ."   42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether
a person is disabled.   Bowen v. Yuckert, 482 U.S. 137, 140 (1987);
20 C.F.R. § 416.920.

At step one, the ALJ found that plaintiff had not engaged in
"substantial gainful activity" during the relevant period under
review.   Tr. 12; 20 C.F.R. § 416.920(b).

At steps two and three, the ALJ found that plaintiff has
severe impairments of seizure disorder, left knee pain, left hand
pain, migraine headaches, obesity, post-traumatic stress disorder
(PTSD) and depressive disorder, but that these impairments did not
meet or equal a listed impairment that the Commissioner considers
disabling.   Tr. 12; 20 C.F.R. § 416.920(c),(d).

At step four, the ALJ determines the claimant's residual
functional capacity (RFC), which reflects the claimant's ability to
perform sustained work activities.   20 C.F.R. § 416.920(e).   Here,
the ALJ found that plaintiff retained the ability to perform light,
unskilled work with some exertional limitations.   Tr. 14.
Specifically, the ALJ found that plaintiff could lift and carry
twenty pounds occasionally and ten pounds frequently with her right
hand, lift and carry no more than five pounds with her left hand,
with only occasional handling, grasping, or reaching with the left
upper extremity.   The ALJ also found that plaintiff could stand,

walk or sit for six hours in an eight-hour work day, occasionally climb, balance, bend, stoop, kneel, and never crouch or crawl.  Tr. 14. Because plaintiff had no past relevant work, the ALJ proceeded to step five.  20 C.F.R. § 416.920(f).

At step five, the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in the national economy.  20 C.F.R. § 416.920(g). In this case, the ALJ found that plaintiff could perform other work as a flagger, escort driver, and thermal surfacing machine tender. Tr. 17.  Accordingly, the ALJ found plaintiff not disabled under the Act.  Tr. 18.

<u>DISCUSSION</u>

Plaintiff asserts that the ALJ erred by discounting plaintiff's subjective complaints and the lay witness statements of plaintiff's mother, as well as the opinion of an examining psychologist.  Plaintiff further argues that the ALJ erred in finding that plaintiff retains the RFC to perform other work in the national economy.  Plaintiff requests reversal for an award of benefits, or alternative, for further administrative proceedings.

With respect to the ALJ's rejection of plaintiff's testimony regarding her knee and thumb pain, tr. 37-38, I consider any error harmless given the ALJ's finding that plaintiff could perform other work as an escort driver, work that the vocational expert testified was sedentary and would not require much use of the left hand.  Tr.

41.[1]  <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008)
(error not basis for reversal when it would not affect ultimate
non-disability determination).  However, I agree that the ALJ erred
in his consideration of plaintiff's mental impairments, and that
this error requires reversal for further proceedings.

Psychologist Pamela Joffe, Ph.D examined plaintiff in July
2008 and conducted several tests.  Dr. Joffe noted that plaintiff's
intelligence was in the low average range, and that her score in
the depression inventory reflected "severe range depression."  Tr.
263.  Dr. Joffe diagnosed PTSD and "recurrent and severe" major
depressive disorder.  Tr. 264.  Dr. Joffe concluded that while
plaintiff was able to understand and remember instructions, she
"appear[ed]  easily  confused  and  distracted[,]  therefore
understanding and remembering more complicated instructions might
be difficult for her."  Tr. 264.  Dr. Joffe also noted that
plaintiff likely "has poor stamina and so maintaining attention and
concentration throughout a normal workweek and workday would be
problematic."  Tr. 264.  Ultimately, Dr. Joffe concluded that
plaintiff had serious symptoms regarding her functioning. Tr. 264.
Consistent with Dr. Joffe's findings, plaintiff testified that she

---

[1]Plaintiff contends that her seizure disorder would affect her
ability to drive, given the vocational expert's testimony that an
employer  would  be  hesitant  to  hire  an  individual  with  a
"documented" seizure disorder.   Tr. 44.   However, the record
reflects that plaintiff's seizure disorder has been stable and
well-controlled.  Tr. 339.

isolates herself, feels anxious, cries often, and has difficulty sleeping and concentrating.   Tr. 35-37.   Plaintiff's mother observed that plaintiff must be reminded constantly to perform basic activities, does not handle stress well, sleeps poorly, and has difficulty following instructions.  Tr. 173-74, 176-78.

The ALJ did not specifically discuss Dr. Joffe's findings in his reference to her report and diagnoses, nor did he discuss plaintiff's testimony or her mother's observations when determining plaintiff's psychological impairments.  Tr. 16.  Instead, the ALJ discounted Dr. Joffe's conclusions and diagnosis of severe, recurrent depression by noting that plaintiff's depression appeared "stable" in October 2009, that her medication was increased when plaintiff's depression worsened in January 2010, and that plaintiff had not sought or received mental health treatment.  Tr. 16.

The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  If contradicted, the ALJ must provide specific and legitimate reasons.  Id.

Here, non-examining physicians found that plaintiff's limitations resulted in no more than moderate limitations. 273-83, 287-88. However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a

treating physician." <u>Lester</u>, 81 F.3d at 831. Moreover, other evidence in the record supports Dr. Joffe's findings and conclusions regarding plaintiff's depression. Tr. 216, 233, 339, 342. Although plaintiff's depression might have improved in late 2009, it worsened again in January 2010, consistent with Dr. Joffe's diagnosis of a recurrent disorder. Tr. 339, 342. Further, the ALJ cited no evidence that plaintiff's depression improved again after January 2010. Plaintiff testimony and her mother's observations are likewise consistent with Dr. Joffe's findings, and plaintiff's financial inability to obtain mental health treatment is not a specific and legitimate reason to discount her testimony, particularly when evidence of record reflects that plaintiff sought some treatment for her depression. <u>Orn v. Astrue</u>, 495 F.3d 625, 638 (9th Cir. 2007); Tr. 34, 216, 264, 233, 339, 342.

Accordingly, I find that the ALJ's assessment of plaintiff's mental limitations and her ability to do other work is not supported by substantial evidence in the record, given Dr. Joffe's report, plaintiff's testimony, and her mother's observations. <u>Stout v. Comm'r Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006); <u>Lester</u>, 81 F.3d at 831; <u>Dodrill v. Shalala</u>, 12 F.3d 915, 918 (9th Cir. 1993).

However, outstanding issues must be resolved before a determination of disability can be made. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir. 2000). As plaintiff notes, the vocational

expert testified that if a claimant's mental limitations resulted in "being off task" more than fifteen percent of the day, other work would likely be precluded. Tr. 42. However, it is not clear from the record whether plaintiff's limitation would result in this restriction. Thus, the ALJ must reconsider plaintiff's residual functional capacity in light of the limitations resulting from her depression and other mental impairments, further developing the record as necessary.

<u>CONCLUSION</u>

The finding of the ALJ that plaintiff is not disabled under the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for further proceedings as set forth above.

IT IS SO ORDERED.

DATED this 26 day of July, 2011.

Ann Aiken
United States District Judge

9 - OPINION AND ORDER